JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-5816 JGB | Date | August 18, 2025 |
|---|---|---|---|
| Title | *Arthur Raffy Aslanian v. Warden* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order DISMISSING Plaintiff's Petition (Dkt. No. 1) and Closing the Case (IN CHAMBERS)**

On July 5, 2025, incarcerated pro se Petitioner Arthur Raffy Aslanian ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 against Warden ("Respondent"). ("Petition," Dkt. No. 1.) On the same date, Petitioner received a notice regarding his failure to pay the required $5.00 filing fee, and advising him that failure to make the required payment or file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support form ("Form CV-60P") within 30 days may result in the dismissal of his Petition. ("Notice," Dkt. No. 2.) For over a year, Petitioner has failed to pay the filing fee or file Form CV-60P. See Young v. United States, 465 F. App'x 597, 598 (9th Cir. 2012) ("The district court did not abuse its discretion by dismissing the [petition for writ of habeas corpus] because Young failed to pay the filing fee and failed to comply with the deadline set by the district court for remedying the deficiencies in his in forma pauperis application.")

On September 24, 2024, Respondent filed a motion to dismiss, arguing that the Petition should be dismissed because Petitioner's direct appeal is pending. ("Motion to Dismiss," Dkt. No. 5.) Petitioner's criminal appeal remains pending with the Ninth Circuit, case number C.A. 24-3172. (Dkt. No. 292.) "[F]ederal prisoners must exhaust appellate review prior to filing for habeas relief in the district court." United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005); see also Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir. 1987) (same). Accordingly, the Petition is premature. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("a district court should not entertain a habeas corpus petition while there is an appeal pending in

this court or in the Supreme Court . . . [s]uch a result would allow all incarcerated defendants simultaneously to pursue both section 2241 petitions challenging the validity of their convictions and sentences and direct appeals challenging the same.  This result would eviscerate our goal of judicial economy by engaging the attention of two courts on the same case at the same time.")

     As such, the Petition is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to close the case.

     **IT IS SO ORDERED.**